EUGENE VAN HOVE, APPELLANT, v. MARIA LEONIA VAN HOVE ET AL., APPELLEES.

FILED OCTOBER 31, 1913.    No. 17,254.

1. **Parent and Child:** ILLEGITIMATE CHILD: HEIRSHIP. One not the father of an illegitimate child does not make such child his heir by marrying the child's mother and signing the marriage record in which it is recited that the "husband and wife agreed taking as their lawful children and to recognize them as such," naming the said child with other illegitimate children of the woman.

2. ———: ———: ———. The father of an illegitimate child may make such child his heir by marriage with the child's mother and adopting such child into his family; but, when the child is 20 years of age, sending such child money with which to pay passage from a foreign country, and allowing him to live in the family for a short time thereafter, is not adopting him into the

family, within the meaning of section 4931, Ann. St. 1911. It is not necessary to decide in this case whether said section applies to any other than the father of the illegitimate child.

APPEAL from the district court for Boyd county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*Albert & Wagner* and *D. A. Harrington,* for appellant.

*M. F. Harrington* and *Mapes & Hazen, contra.*

SEDGWICK, J.

The plaintiff seeks to establish an interest in certain real estate as the heir of August Van Hove, deceased. The district court for Boyd county dismissed his case, and he has appealed.

Plaintiff was the illegitimate son of Maria Leonia Audenaert, a citizen of Belgium, who intermarried with August Van Hove in Belgium in 1887; the plaintiff then being seven years of age. There were then two other illegitimate children of his mother, one of whom died in infancy, and the other was brought to this country by Mr. and Mrs. Van Hove soon after their marriage. They have since resided in this country, and two children have been born to them since.

The contention is that the plaintiff has been made an heir of August Van Hove under section 4931, Ann. St. 1911. The record of the marriage in Belgium recites that "The above named husband and wife agreed taking as their lawful children and to recognize them as such: Eugene Audenaert, born at Sinay, the 9th of March, 1880." The record appears to have been signed by August Van Hove, and it is contended that this satisfied the statute, which provides: "Every illegitimate child shall be considered as an heir of the person who shall, in writing, signed in the presence of a competent witness, have acknowledged himself to be the father of such child." Ann. St. 1911, sec. 4931. This record is clearly insufficient for that purpose. *Lind v. Burke,* 56 Neb. 785; *Moore v. Flack,* 77 Neb. 52.

Plaintiff remained in Belgium until he was about 20 years of age, and then came to this country and lived for a short time in the family of August Van Hove, who sent money to pay plaintiff's passage to this country. Plaintiff's passport described him as son of Van Hove. The evidence is that plaintiff was not the natural son of Van Hove, and even if he was, the circumstances are far short of establishing that Van Hove adopted him into his family, within the meaning of said section 4931. Under the laws of Belgium, which are shown in the record, it does not appear easier to establish heirship in such cases than under our statutes.

The judgment of the district court is clearly right, and is

AFFIRMED.

REESE, C. J., LETTON and HAMER, JJ., not sitting.