Eugene Van Hove, appellant, v. Maria Leonia Van
Hove et al., appellees.

Filed July 11, 1914. No. 17,254.

Rehearing of case reported in 94 Neb. 575. *Judgment
of affirmance adhered to.*

Per Curiam.

On rehearing, our judgment (94 Neb. 575) is adhered
to.

Letton, J., dissenting.

One of the main points urged in this case is not men-
tioned in the opinion. It is that Eugene Van Hove was le-
gitimated in Belgium under the laws of that country and
that this fixed his status and his right to inherit. In 1
Wharton, Conflict of Laws (3d ed.) ch. 5, the subject of
legitimation is exhaustively discussed, and it is shown that
if, by the law of the country where the father is domiciled,
and the marriage takes place, the subsequent marriage of
the parents of an illegitimate child has a legitimatizing
effect upon the child, this fixes his status, and this status
is not lost by the subsequent removal of the parents and
child to another state.

Articles 331, 333 of Livre I, Titre VII, ch. 3, Civil Code
of Belgium provides: "Art. 331. Children born out of
wedlock, other than those born of incestuous or adulter-
ous communion, may be legitimated by the subsequent mar-
riage of their father and mother, when these have legally
recognized them before their marriage, *or shall recognize
them in the act of marriage.*"

"Art. 333. Children legitimated by subsequent mar-
riage have the same rights as if they were born from that
marriage."

The duly authenticated record of the marriage in Bel-
gium of August Van Hove and Maria Leonia Audenaert
introduced by defendants themselves recites: "The above

named husband and wife agreed taking as their lawful children, *and to recognize them as such*:   Eugene Audenaert, born at Sinay the 9th of March, 1880, Joanna Audenaert, born at Lokeren the 29th of September, 1882, and Maria Audenaert, born at Antwerp the 2d day of July, 1885."

In my judgment this settled the status of Eugene Audenaert Van Hove both in Belgium and in this country, and the oral testimony of his mother, 30 years afterwards, when the father was dead, when the son's conduct had estranged her, and when it was to her financial advantage to deny his paternity, should not be received in the attempt to impeach the legal effect of their solemn act, by denying that August Van Hove was the father of the plaintiff.

I therefore dissent from the judgment of the majority.